Chief Justice Robertson
delivered the Opinion of the Court.
Francisco, alleging that he was Buford’s surety to the Bank of the United States, for five hundred dollars, and that he believed that Buford was about to remove from this State, and carry with him all his property, obtained an injunction for restraining the removal of some slaves, unless security should be given for his indemnity; and, on the hearing of his bill, taken for confessed, he obtained a decree for selling the slaves for the amount of the debt, although there was no allegation of any payment by him to the Bank, and although Buford had, according to the order endorsed on the subpcena, given bond and security, for his indemnity.
The decree must be reversed.
. , , , , , According to the common law, a surety could not be entitled to a judgment or decree against his principal, „ . , , , , , . , ° . r . r ’ unen alter he had been subjected to actual loss m con-sec[uence his suretyship. And we know of no statutory enactment which has, in this respect, changed the common law.
Doubts having .been entertained whether a surety cou^’ before his liability had been enforced, attach the estate, or restrain the removal, of his principal, the Legislature, for the purpose of securing, beyond doubt, such indemnity to sureties, enacted the statute of 1828 (2 Stat. Law, 1441.) The first section of that act declares, in effect, that a surety rimy proceed against his principal, “ by way ox attachment m chancery, or writ of me exeat, *n ^ same manner» before payment, as he might have done after payment of the debt for which he was bound. And the second section authorizes the Chancellor “ to . “ hear and determine (in such a case,) all matters be- *69 “ tween the parties affecting, or relating to the security- “ ship, and to make such decree as will afford indemnity “ to the security.”
W hen the bill is merely to prevent the removal of chattels; and the def’t has given bond and security to surrender them, as the decree may require, it is erroneous to decree a sale of the chattels. If it appears by the pleadings, that the surety has paid the debt, or that there is judgment againsthim for it, he may have a decree, ugaiust the principal in person-am, for the amount, or for a surrender of the chattels to be levied on. Without such allegations, there can be no decree.
The evident and only object of this statute of 1828, was, first — to afford to a surety, before the debt for which he was bound, had become due or had been paid' by him, the same remedial means for preventing the removal of his principal, or of his moveable property, beyond the jurisdiction of the court, as those to which he might have had an undoubted right to resort after he had actually suffered in consequence of his liability; and, second — to give the Chancellor, in addition to the power to enjoin the principal and hi§, property, jurisdiction, also, to decree relief to the surety, if, after the injunction had taken effect, he had paid the debt of his principal, or had otherwise become entitled to any decree for any other indemnity than that which the bond given by the principal debtor, had secured. There being no allegation of any payment in this case, the Circuit Court had no jurisdiction to render the final decree against Buford.
And moreover, had any decree been allowable, tliat which was rendered was inappropriate. As Buford had given the bond and security required, for the surrender of the slaves to any order or decree which might be made in the case, no decree for the sale of the slaves 'was authorized by the allegations of the bill. Had the bill, or a supplemental bill, alleged that Francisco had paid the debt, or that a judgment had been obtained against him, and had also prayed for a decree against Buford, for indemnity, by paying the amount of the debt, or by surrendering the slaves to be levied on, in satisfaction of the judgment, a decree might have been rendered in personam, or for surrendering the slaves: and the surety in the bond given for the surrender, might have been made a party.
But without any such prayer or allegations, no final decree whatever against Buford was proper, as he had, by giving the security, done all that he had been required to do, and all that he should be required to do, for Francisco’s indemnity, before any payment, or even judgment, against him as surety.